UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LENTEK INTERNATIONAL, INC., ) | Case No. 6:03-bk-08035-KSJ |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| | |
| MICHAEL MOECKER, as Liquidating ) | |
| Trustee for Lentek International, Inc., ) | |
| ) | Adversary No. 6:05-ap-190 |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| GREENSPOON, MARDER, ) | |
| HIRSCHFELD, RAFKIN, ROSS, BERGER ) | |
| & ABRAMS ANTON, P.A., and ) | |
| GREGORY J. BLODIG, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR TURNOVER

In his Motion for Turnover (Doc. No. 18), the plaintiff, Michael Moecker, as Liquidating Trustee for Lentek International, Inc. (the "Trustee"), seeks the turnover of numerous documents in the possession of the defendant, a law firm— Greenspoon, Marder, Hirschfeld, Rafkin, Ross, Berger & Abrams Anton, P.A. In their response (Doc. No. 44), Greenspoon objects to the turnover asserting that many of the requested documents are protected under either the attorney/client privilege or the work-product privilege.

On May 4, 2006, the Court entered a preliminary order on the Motion for Turnover directing the defendant to produce a detailed privilege log listing all documents for which they contend a privilege exists and to supply the Court with a copy of all listed documents for an *in camera* review (Doc. No. 60). In compliance with this order, Greenspoon produced a detailed privilege log (Doc. Nos. 69 and 70) and three volumes (boxes) of documents plus a series of

invoices and payments. The Trustee has objected to the claim of privilege on several grounds (Doc. Nos. 75, 76 and 77).[1]

First, the Trustee asserts that the privilege log does not specifically describe the listed documents and, as a result, he cannot properly frame an objection. The Court, in large part, overrules this objection. After reviewing the documents *in camera*, the Court concludes that the log includes more than sufficient information to allow the Trustee to frame an appropriate objection as to privilege.

However, the Court did note a few instances where the information provided was not adequate. In some cases, the log refers to a specific e-mail or memorandum and "attachments." However, the log fails to provide any description of these attachments, which, in some cases, were voluminous. In a few other cases, the document listed on the privilege log was simply, and the Court believes inadvertently, not produced. Therefore, if Greenspoon wishes to continue to assert a privilege, they must supply the missing documents and produce an amended privilege log containing greater description of the items listed on Exhibit 1 within 15 days from the entry of this order. If an amendment is *not* filed, the Court thereafter will release the documents to the Trustee. If an amendment *is* filed, the Trustee shall have 15 days to file an objection, which the Court will resolve without further hearing.

Second, the Trustee argues that the Court should have received unredacted versions of the documents for which Greenspoon claims a privilege. The Court agrees. By and large, the documents supplied to the Court for *in camera* review <u>were</u> unredacted. However, as to the items listed on Exhibit 2, the Court was unable to determine if any redaction had occurred.

---

[1] Greenspoon also filed a Response to the Trustee's Objection to Greenspoon's Claim of Privilege (Doc. No. 79).

Therefore, Greenspoon is directed to supply unredacted copies of these items within 15 days of the entry of this order. The Court thereafter will issue a further ruling as to these documents.

Third, the Trustee asserts that he is entitled to waive any privilege formerly held by the debtor, Lentek International, Inc., and, based on this waiver, that he is entitled to turnover of all of the documents. Section 542(e) of the Bankruptcy Code[2] sets the standard for the release of documents held by professionals, such as accountants and attorneys, and provides:

> *Subject to any applicable privilege*, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to disclose such recorded information to the trustee.

Therefore, if a professional is holding any books, records, or documents relating to the debtor's property or its financial affairs, the professional must turn the information over to the trustee, unless there is any applicable privilege. In re Hechinger Investment Co. of Delaware, 285 B.R. 601, 613 (D. Del. 2002) ("Section 542 merely requires an attorney, accountant, or other professional who holds recorded information relating to the debtor's property or financial affairs to surrender those materials to the trustee. This obligation is subject to any applicable claim of privilege.").

Here, Greenspoon asserts two privileges—attorney/client and work-product. Because Greenspoon prepared the documents at a time they allegedly were representing the debtor, the Trustee asserts that he has the authority to waive any such privilege. The Court agrees that the Trustee does have the authority to waive a bankrupt debtor's claim of privilege. In Commodity Futures Trading Commission v. Weintraub et al., 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), the Supreme Court held that "the trustee of a corporation in bankruptcy has the power to

---

[2] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

waive the corporation's attorney-client privilege with respect to pre-bankruptcy communications." 471 U.S. at 358, 105 S.Ct. at 1996. Investing the trustee with such power "furthers the goal of uncovering insider fraud by helping trustees develop claims against corporate managers, while preventing the managers from using the privilege as a shield...to thwart an investigation into their own conduct." Foster v. Hill (In re Foster), 188 F.3d 1259, 1265 (10th Cir. 1999) (citing Weintraub, 471 U.S. at 353-54, 105 S.Ct. 1986) (internal quotations and brackets omitted). The trustee of a liquidating trust, such as Moecker in this case, obtains the right to assert or to waive the debtor's claim of privilege upon appointment. Hechinger Investment Co., 285 B.R. at 611. As such, Moecker has the right to assert or to waive any claim of privilege the debtor, Lentek, previously held as to pre-bankruptcy communications.

However, the Trustee cannot waive a privilege Lentek never held. The primary issue asserted in this adversary proceeding is whether Greenspoon committed malpractice which harmed the debtor and its creditors. Greenspoon argues that it committed no such malpractice because, in part, Greenspoon never represented Lentek. Rather, Greenspoon asserts that the law firm represented Louis Lentine, an insider of Lentek.[3] Therefore, whether Greenspoon represented Lentek or only Mr. Lentine is a key issue in this adversary proceeding.

If the Court ultimately finds that Greenspoon *did* represent Lentek, in addition to Mr. Lentine, the Trustee then will be able to waive Lentek's claim of privilege for many of the produced documents. However, until this very substantive decision is made, production of many of the documents is premature. Moreover, many of the documents appear to relate solely to Greenspoon's representation of Mr. Lentine and his family, have no connection to the debtor or its financial affairs, and will never be subject to production.

---

[3] Mr. Lentine was an officer, shareholder, and director of Lentek.

However, a small number of documents supplied by Greenspoon clearly were shared directly with Lentek or other counsel for Lentek. If Greenspoon sent a copy of anything to Lentek or its acknowledged attorneys, such as Lentek's bankruptcy counsel in this case, any privilege is waived (or subject to be waived by the Trustee) because publication or release of an otherwise privileged document causes the privilege to lapse. Fujisawa Pharm. Co. v. Kapoor, 162 F.R.D. 539, 541 (N.D.Ill.1995) (voluntary disclosure of privileged information results in waiver of the privilege). Attached as Exhibit 3 are copies of the documents Greenspoon previously shared with Lentek or its counsel.

Fourth, the Trustee asserts that invoices and billing statements are not subject to the attorney-client privilege. In general, billing records are not confidential attorney-client communications. In re Grand Jury Subpoena Served upon Doe, 781 F.2d 238, 247-48 (2d Cir. 1985); Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999) ("the attorney-client privilege does not extend to billing records and expense reports."). However, billing and time records which also reveal litigation strategy or the specific nature of the services provided, such as entries describing the particular areas of law researched by an attorney, do fall within the protection of the privilege. Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992). Redaction is appropriate to protect the revealed information. Meranus v. Gangel, 1991 WL 120484 (S.D.N.Y. 1991).

In reviewing the invoices and statements produced by Greenspoon, the statements are replete with commentary on their litigation strategy, the specific nature of the services provided, and issues discussed with the involved parties. The information is substantive, reflects the mental impressions of the attorneys, and appropriately should be redacted prior to production. Attached as Exhibit 4 is a complete set of the produced invoices with redactions made by the Court.

Fifth, and last, the Trustee asserts that documents relating to Mr. Lentine's actions as a director, officer or shareholder of Lentek are not privileged because they relate to the debtor's financial affairs. The Court agrees that communication of factual information is not protected by the attorney-client privilege. Universal City Development Partners, Ltd. V. Ridge & Show Engineering, Inc., 230 F.R.D. 688, 691 (M.D. Fla. 2005). A few of the documents reviewed by the Court do, indeed, appear to relate directly to Lentek's financial affairs, reflect actions taken by Mr. Lentine in his corporate capacity, and are no more than transmittal of factual information. As such, this small group of documents, attached as Exhibit 5, are subject to production.

As to the balance and majority of the documents produced, the Court finds that the privileges claimed by Greenspoon are rightfully asserted. The documents will not be released at this time. If the Court later determines that Greenspoon did represent Lentek and the Trustee still chooses to waive Lentek's claim of privilege, additional documents (but not all) will later be subject to production.

Accordingly, for these reasons, the Motion for Turnover is partially granted and partially denied. The documents attached as Exhibits 3, 4, and 5 are not privileged and are released to the Trustee. Greenspoon shall have 15 days in which to file an amended privilege log for the items needing more description and to provide unredacted copies of the documents identified in Exhibits 1 and 2. The Court then will rule further on these particular items. However, other than these few open items, the Court otherwise denies the Trustee's Motion for Turnover and finds the balance of the documents are privileged and not subject to release. Exhibit 6 lists the specific ruling on each document using the charts supplied by the parties and is furnished to clarify

(hopefully) the Court's ruling. A separate order shall be entered consistent with this memorandum opinion.

DONE AND ORDERED in Orlando, Florida, on the 12th day of September, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge